UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URSULA BROWN,

    Plaintiff,

v.                                                                  Case No. 11-11155

DELTA AIR LINES, INC.,                              HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 9)**

I.  Introduction

This is a tort case. Plaintiff Ursula Brown ("Brown"), is suing defendant Delta Air Lines, Inc. ("Delta") for negligence arising out of Brown's slip while a passenger on a Delta flight. Brown says she suffered injury to her knee from the slip.

Before the Court is Delta's motion for summary judgment.[1] For the reasons that follow, the motion will be granted.

II.  Background

The material facts as gleaned from the parties' papers follow.

On July 23, 2010, Brown was a passenger on a Delta flight from Detroit to Seattle. Because Brown was accompanying her brother who was in a wheelchair, she was among the first to board. Although Brown did not have a ticket for the window seat, she sat in the window seat in the row assigned to her. During the general boarding

---

[1]Also before the Court is Delta's motion in limine to preclude certain witness testimony (Doc. 12). In light of this summary judgment ruling, this motion is MOOT.

process, the passenger assigned to the window seat in her row asked to sit in their ticketed seat. To allow that passenger to access, Brown stepped into the aisle behind the seat and her right foot "slipped." Although she did not fall, as she was able to hold onto a seat back, Brown contends that the movement caused her to twist and injure her knee.

### III. Analysis

#### A. Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matshushita Elec. Indus. Co. v. Zenith Radio Corp, 475 U.S. 574, 587 (1986).

The court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). In so doing, the Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. Of Wausau v. Petroleum Specialities, Inc., 69 F.3d 98, 101 (6th Cir. 1995).

#### B. Tort Liability[2]

---

[2] Because the basis for jurisdiction is diversity, the Court must apply the substantive law of Michigan as interpreted by the Michigan Supreme Court. Reid v.

1.

To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. Case v. Consumers Power Co, 463 Mich. 1, 6 (2000). "The duty that a possessor of land owes to another person who is one the land depends on the latter person's status." Hampton v. Waste Mgmt of Michigan, Inc, 236 Mich. App. 598, 603 (1999).

Here, Brown was an invitee because she was a passenger on a Delta plane which was held open for a commercial purpose. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." Lugo v. Ameritech Corp, 464 Mich. 512, 516; 629 NW2d 384 (2001). An unreasonable risk of harm is one "caused by a dangerous condition of the land' that the landowner knows or should know the invitees will not discover, realize or protect themselves against." Bertrand v. Alan Ford, Inc., 449 Mich. 606, 609 (1995) (citing Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 499 (1988)). This duty does not, however extend to dangerous conditions that are open and obvious. Lugo, 464 Mich. at 516. An open and obvious condition is one that an average person of ordinary intelligence would be able to discover upon casual inspection. Kennedy v. Great Atlantic & Pacific Tea Co., 274 Mich. App. 710, 713 (2007). Thus, it is an objective test unrelated to the actual perceptions of a particular plaintiff. Id.

---

Volkswagen of America, Inc., 575 F.2d 1175, 1176 (6th Cir. 1978).

### 2. Open and Obvious

Delta argues that summary judgement is warranted because the condition was open and obvious. The Court agrees. Brown testified that after her slip, she saw the dangerous condition - the wet carpeting and puddle of water. Brown's dep. at p. 79-80. However, Brown argues that although she saw the dark area on the carpet, an observer would not realize that it was slippery upon casual inspection. For support, Brown cites Eason v. Coggins Memorial Methodist Episcopal Church, 210 Mich. App. 261 (1995). In Eason, the plaintiff's decedent was fatally injured in a fall from a ladder, while helping repair the defendant's building. The plaintiff alleged that the ladder had a defect - the safety latch was either missing or malfunctioning. The Michigan Court of Appeals held that though the danger of a ladder is generally deemed open and obvious, this specific defect was not. The Court reasoned that such a defect was not readily observable on inspection, and in fact, required specific knowledge. Eason, 265 Mich. App. at 265.

Here, however, there was no comparable defect. Brown testified that she saw puddle of water and discolored carpet. Brown offers no evidence that there was any defect other than the water itself. Thus, Eason does not apply. By Brown's own testimony, the condition of the carpet was open and obvious.

### 3. Special Aspects

Brown also argues that even if the condition is open and obvious there are "special aspects" present which made the condition unreasonably dangerous. In Lugo v. Ameritech Corp., 464 Mich. 512 (2001), the Michigan Supreme Court discussed when an open and obvious condition would be deemed to present "special aspects." "Special

aspects" exist when an otherwise open and obvious condition is either unreasonably dangerous or effectively unavoidable.  Lugo at 517. As an example of a condition that was unreasonably dangerous the court gave the hypothetical of an unguarded, 30-foot deep hole in a parking lot.  Lugo at 518.  As an example of effectively unavoidable the court pointed to the only exit of a building being flooded with water.  Id.

Brown argues that the carpet had a special aspect, stating that "its slippery nature could not be determined by simply looking at the darkened are of carpet and, as in one of the Lugo, supra, examples of the only building exit which customers must use being blocked by water, boarding passengers must necessarily use the aisle way to board."  See Doc. 13, Brown's response at p. 12.

This argument is not well-taken.  The hypothetical in Lugo is that the sole exit is flooded.  Although the water was obvious, someone wishing to exit would have no choice but to cross through the water.  In this case, however, there was no "flood" there was simply a darkened area of carpeting and a puddle of water, which Brown specifically testified that she saw and that it was not big.  The condition of the carpet did not pose such a severe risk of harm that it should be deemed to have special aspect. More significantly, Brown has offered no evidence that she would not have been able to avoid it had she looked and more carefully navigated the aisle way.

### 4.  Notice

Delta also argues that it is entitled to summary judgment because there is no evidence that Delta caused or had notice of the dangerous condition.  Liability will be found where the defendant either created the unsafe situation or the condition remained for such a time that the defendant should have knowledge.  Serinto v. Borman Food

Stores, 380 Mich. 637, 640 (1968)(citing Carpenter v. Herpolsheimer's Co. 278 Mich. 697 (1937)).  Notice, and therefore knowledge, of a dangerous condition may be inferred from evidence that the unsafe condition existed for a length of time sufficient for a reasonably careful premise owner to notice it. Whitmore v. Sears, Roebuck & Co., 89 Mich. App. 3, 8 (1978) (citing Suci v. Mirsky, 61 Mich. App 398 (1975)).

Brown argues that Delta should have known that the condition of the darkened carpeting existed because they inspected the plane prior to boarding.  Aside from this statement, Brown offers no evidence of how long the darkened carpeting and puddle of water were in existence.  She also has not offered any evidence that the darkened carpet and puddle of water was a condition created by Delta.[3]  Thus, there is no evidence that Delta had knowledge of the condition, either actual or constructive.

Delta, however, has offered the affidavit of its employee Martin Lagbao, the lead flight attendant on Brown's flight.  He states that the plane was inspected prior to boarding for any unsafe condition, such as a puddle of water.  He further states that had an unsafe condition been found, it would have been corrected before boarding was permitted.  He goes on to state that no unsafe condition was found as a result of the inspection.  Brown has no evidence to create a genuine issue of material fact as to whether Delta caused the condition or that it existed for a sufficient period of time to put Delta on notice of the condition, either actual or constructive.  In fact, when asked how long the carpeting was in the dark, wet condition, Brown stated:  "How would I know?"  Brown's dep. at p 84.  Brown's argument that she believed the condition existed for

---

[3]Brown did not depose any Delta personnel.

6

about 20 minutes, the approximate length of the boarding process, is speculative and insufficient to show notice to survive summary judgment.

IV.  Conclusion

When viewed in the light most favorable to Brown, the record fails to create a genuine issue of material fact as to whether Delta was negligent.[4]  The condition of the carpet was open and obvious condition and there is no evidence that Delta had notice of the condition sufficient to establish liability.  Therefore, Delta's motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.

       S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 3, 2012, by electronic and/or ordinary mail.

       S/Julie Owens
Case Manager, (313) 234-5160

---

[4]Brown has also alleged that Delta acted "recklessly," which Delta has construed as a claim for gross negligence.  Given that Delta was not negligent, it follows that its conduct did not constitute gross negligence.